**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Miguel RODRIGUEZ, Defendant—
Appellant.**

No. 02–50202.

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2003.[*]

Decided April 16, 2003.

Before: RYMER, KLEINFELD, and FISHER, Circuit Judges.

MEMORANDUM [**]

Miguel Rodriguez appeals his conviction and the resulting 51–month sentence after he pleaded guilty to importing marijuana and possessing marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 952 & 960. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm.

Rodriguez's contention that 21 U.S.C. §§ 841 and 960 are facially unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is foreclosed by our decisions in *United States v. Mendoza–Paz,* 286 F.3d 1104, 1109–10 (9th Cir.2002), and *United States v. Buckland,* 289 F.3d 558, 562 (9th

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Cir.) (en banc), *cert. denied*, 535 U.S. 1105, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002). His contention that the Supreme Court's decision in *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), overrules *Buckland* and *Mendoza–Paz* is foreclosed by our decision in *United States v. Hernandez*, 322 F.3d 592, 600–02 (9th Cir.2003).

Rodriguez further contends that the district court erred by (1) enhancing his offense level two points under U.S.S.G. § 3C1.2 for reckless endangerment during flight, and (2) refusing to decrease his offense level under U.S.S.G. § 3B1.2 based on his minor or minimal role in the criminal activity. We disagree.

The presentence report ("PSR") initially recommended a two-point increase in the offense level pursuant to U.S.S.G. § 3C1.1 for obstruction of justice. After Rodriguez objected to this enhancement, the probation officer amended the PSR to clarify that the upward adjustment was appropriate under section 3C1.2 rather than section 3C1.1.[1] At sentencing, the government argued that the upward adjustment could be made under either section of the guidelines. Although the district court did not specify which section it relied upon, the court stated that: "The adjustment is predicated upon the flight occurring as a part of the process o[f] resisting arrest." This finding is consistent with an adjustment under section 3C1.2. *See* U.S.S.G. § 3C1.2, comment. (n.3) (" 'During flight' is to be construed broadly ... this adjustment also is applicable where the conduct occurs in the course of resisting arrest.")[2]

■ The undisputed facts show that Rodriguez resisted arrest by assaulting a customs inspector and attempted to flee by placing his vehicle in gear in a crowded area of the port of entry. Thus, the district court did not clearly err by applying the upward adjustment under section 3C1.2 because Rodriguez's conduct created a substantial risk to other persons. *See United States v. Reyes–Oseguera*, 106 F.3d 1481, 1483–84 (9th Cir.1997) (reviewing for clear error the district court's factual determination that defendant's conduct constituted reckless endangerment under section 3C1.2 and holding that the adjustment is proper if the defendant's behavior while resisting arrest recklessly creates a substantial risk to a law enforcement officer or other persons).

■ Finally, the district court did not clearly err by finding that Rodriguez's attempt to flee with the marijuana and his possession of $1,480 demonstrated a proprietary interest in the drugs and showed that he was not a minor or minimal participant in the criminal activity under U.S.S.G. § 3B1.2. *See United States v. Davis*, 36 F.3d 1424, 1436–37 (9th Cir. 1994) (reviewing for clear error and holding that the district court did not err by denying downward adjustment under section 3B1.2 where defendant knew he was transporting drugs and received money in return, demonstrating that he was trusted with responsibility).

Accordingly, we affirm the district court's judgment.

**AFFIRMED.**

---

**1.** Fleeing from arrest by itself, even if the defendant recklessly endangered others while fleeing, cannot form the basis of an upward adjustment under section 3C1.1. *United States v. Christoffel*, 952 F.2d 1086, 1089 (9th Cir. 1991).

**2.** The district court later stated that: "There is a two-level upward adjustment based upon the obstruction." We note, however, that both section 3C1.1 and section 3C1.2 fall within the portion of the guidelines entitled "Part C—Obstruction."